UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL NO. 3:25-CR-125-DPJ-LGI

JOSHUA TIMOTHY RADCLIFFE

ORDER

Defendant Joshua Radcliffe was found guilty of two sex crimes involving a minor. He now seeks judgment of acquittal or a new trial under Federal Rules of Criminal Procedure 29 and 33(a). Mot. [77]. Because the evidence against him is overwhelming, the Court denies his motion.

I. Background

These facts are not disputed. In fall 2025, Radcliffe was a 43-year-old resident of Charleston, West Virginia, working at a suicide prevention center. In September of that year, Jane Doe sent a digital message to that center seeking help; she was 15 years old. Radcliffe responded, and in the weeks that followed, the two exchanged over 30 thousand messages and spoke on the phone. Radcliffe professed his love for Doe and described in graphic detail his desire to perform oral sex on her. He then traveled from West Virginia to Ridgeland, Mississippi, where he and Doe met several times. Though Radcliffe denies it, Doe convincingly testified that, during one rendezvous, Radcliffe performed oral sex on her in his car. The jury found him guilty in less than half an hour.

II. Standards

Under Rule 29, the Court may set aside a jury's verdict of guilt if "the evidence is insufficient to sustain a conviction" of one or more of the offenses charged in the indictment.

Fed. R. Crim. P. 29(a), (c). "The jury's verdict will be affirmed 'if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.'" *United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011) (quoting *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997)). "The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997) (citation omitted). Finally, when "assessing the sufficiency of the evidence, we do not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *Girod*, 646 F.3d at 313 (citing *Myers*, 104 F.3d at 78–79).

Rule 33(a) allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." But "[t]he grant of a new trial is necessarily an extreme measure." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997). Therefore, "motions for new trial are not favored, and are granted only with great caution." *Id.* (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). An error affects the defendant's substantial rights if "it affected the outcome of the trial court proceedings." *United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001) (citation omitted).

When considering a motion for a new trial, the Court "may weigh the evidence and assess the credibility of the witnesses." *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005) (citing *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997)). "The evidence must

preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Robertson*, 110 F.3d at 1118 (citation omitted). And "any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (quoting 3 Charles Alan Wright, et al., *Federal Practice and Procedure Criminal* § 556 (3d ed. 2004)).

## III. Analysis

### A. The Charges

Count One charged Radcliffe with violating 18 U.S.C. § 2422(b), which makes it a crime for anyone to use any cell phone or electronic device connected to the internet to knowingly persuade, induce, entice, or coerce "any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt to do so." 18 U.S.C. § 2422(b).

The Indictment alleged that Radcliffe persuaded, induced, enticed, or coerced Doe to engage in conduct that would constitute sexual battery under Mississippi Code Annotated section 97-3-95(1)(c). Superseding Ind. [54] at 1. That statute makes it a crime to engage in "sexual penetration with . . . [a] child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child." Miss. Code Ann. § 97-3-95(1)(c). "Sexual penetration" "includes cunnilingus . . . [or] any penetration of the genital . . . of another person's body by any part of a person's body." Miss. Code Ann. § 97-3-97(a).

The Government was not required to prove that Radcliffe engaged in sexual battery, only that he used his cellphone to attempt to persuade, induce, entice, or coerce Doe to engage in an act for which Radcliffe could be convicted of sexual battery. 18 U.S.C. § 2422(b).

Count Two charged Radcliffe with violating 18 U.S.C. § 2423(b), which makes it a crime for anyone to travel across state lines "with intent to engage in any illicit sexual conduct with another person." 18 U.S.C. § 2423(b).

B. The Evidence

Radcliffe fails to identify any trial errors other than the rejection of his Rule 29 motion after the Government rested. He merely says that relief is warranted because the verdict is "against the greater weight of the evidence." Mot. [77] at 2. It's not.

There is no need to dwell on this motion because the evidence against Radcliffe is as overwhelming as it gets. He admits: (1) exchanging thousands of messages with a suicidal 15-year-old; (2) professing his love for her and repeatedly describing them as soulmates; (3) sending Doe messages graphically describing his desire to perform oral sex on her; (4) crossing state lines *after* sending those messages and spending time with Doe in Mississippi; (5) sending Doe messages after the two met in Mississippi describing the oral sex he performed on her; and (6) helping Doe obtain a burner phone after her parents discovered Radcliffe and tried to prevent Doe from communicating with him. Once arrested, Radcliffe admitted in a video-taped interview that he had a deep connection with Doe and that he touched her genitals, though he testified at trial that he was lying to the federal officers when he said that. On top of Radcliffe's own admissions, Doe convincingly testified that Radcliffe had performed oral sex on her. Her testimony was consistent with Radcliffe's messages before he traveled to Mississippi and those he sent after leaving Mississippi that described the act.

At most, Radcliffe argues that Doe didn't initially confess to the sex act when confronted by her parents and the police. But Doe explained that she was scared and admitted the acts later.

The jury was entitled to credit that account. In any event, the Government was not required to prove that the sex act occurred under either count. *See* 18 U.S.C. § 2422(b); *id.* § 2423(b).

In short, this is not a he-said-she-said case. Radcliffe documented the alleged inducement and his reason for crossing state lines—to have oral sex with Doe. The jury merely needed to believe Radcliffe's own written words to convict on both counts.[1] Because the jury heard overwhelming evidence proving Radcliffe's guilt as to both counts, the Court denies his motion [77].

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

[1] The jury could have easily rejected Radcliffe's testimony denying any intent to induce or engage in sex. Again, there is no need to dwell, but the Court notes that his testimony (which he tried to abort shortly after starting) included fanciful explanations for his conduct and his reasons for coming to Ridgeland, Mississippi.